

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-29-2008

# In Re Caterbone

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3054

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re Caterbone " (2008). *2008 Decisions.* Paper 1107.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1107

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-3054
_____

IN RE: STANLEY J. CATERBONE,

                                                                Debtor

STANLEY J. CATERBONE; ADVANCED MEDIA GROUP

v.

PPL ELECTRIC UTILITIES

STANLEY J. CATERBONE,

                                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 06-cv-05117)
District Judge:  Honorable Anita B. Brody

_____

Submitted for Possible Dismissal Due to Jurisdictional Defect, or Under 28 U.S.C.
1915(e)(2)(B), or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 18, 2008

Before:    SCIRICA, Chief Judge, MCKEE, and SMITH, Circuit Judges.

(Opinion filed:  May 29, 2008)
_____

OPINION
_____

PER CURIAM

Stanley J. Caterbone appeals, pro se, from the district court's order dismissing his bankruptcy appeal. For the following reasons, this appeal must be dismissed for lack of jurisdiction.

I.

The parties are familiar with the background of this case. Stanley J. Caterbone filed a Chapter 11 bankruptcy action in August 2006 naming appellee as the defendant. On August 18, 2006, the bankruptcy court issued a pre-trial order setting forth the dates, times, and conditions under which discovery would be conducted in the proceeding. In a notice dated October 21, 2006, Caterbone filed an appeal of this order to the district court. Appellee filed a motion to dismiss the appeal for, inter alia, Caterbone's failure to follow the time prescriptions contained in Federal Rule of Bankruptcy Procedure 8002(a) and because the appeal was taken from a non-final order issued by the bankruptcy court. In an order entered on June 18, 2007, the district court agreed and, in an explanatory footnote, seemingly dismissed the appeal for being untimely. Caterbone filed a timely notice of appeal.[1]

---

[1] The parties were informed that this appeal would be subject to dismissal for a jurisdictional defect. We review our jurisdiction over this appeal under 28 U.S.C. § 158(d)(1). "Although district courts have discretion to hear interlocutory appeals from bankruptcy courts, [28 U.S.C.] § 158(d) does not grant courts of appeals similar discretion to review interlocutory decisions. 'The courts of appeals do not have jurisdiction to hear interlocutory appeals in bankruptcy cases.'" In re Rains, 428 F.3d 893, 900-01 (9th Cir. 2005) (internal citations omitted).

-2-

II.

The bankruptcy court order Caterbone appealed from was interlocutory and thus we do not have appellate jurisdiction. "The finality issue must be resolved with respect to the decisions of both the bankruptcy judge and the district court." In re White Beauty View, Inc., 841 F.2d 524, 526 (3d Cir. 1988). "We consider four factors in determining whether we should exercise jurisdiction over a bankruptcy appeal: '(1) [t]he impact on the assets of the bankrupt estate; (2) [the][n]ecessity for further fact-finding on remand; (3) [t]he preclusive effect of [the Court's] decision on the merits of further litigation; and (4) [t]he interest of judicial economy.'" In re Owens Corning, 419 F.3d 195, 203 (3d Cir 2005) (citing Buncher Co. v. Official Comm. of Unsecured Creditors of Genfarm Ltd. P'ship IV, 229 F.3d 245, 250 (3d Cir. 2000)). "We apply a broader concept of 'finality' when considering bankruptcy appeals under § 1291 than we do when considering other civil orders under the same section." In re Marvel Entm't Group, Inc., 140 F.3d 463, 470 (3d Cir. 1998). But "[d]espite that relaxed view of finality in the bankruptcy setting as a whole, the general antipathy toward piecemeal appeals still prevails in individual adversary actions." In re Natale, 295 F.3d 375, 378-79 (3d Cir. 2002).

Even under this more flexible standard of finality, the bankruptcy court's order was not a final order. The bankruptcy court merely issued a preliminary procedural order concerning the manner in which discovery was to take place during the bankruptcy proceeding. Thus, because Caterbone attempted to appeal from an interlocutory order,

-3-

not a final order, in the district court, we dismiss this appeal for lack of appellate jurisdiction.[2]

\_\_\_\_\_

[2] Given our disposition, we need not reach the issue of untimeliness.  See Fed. R. Bank. P. 8002; see also 28 U.S.C. § 158(c)(2)